UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22 MJ 66 DDN |
| | ) |
| ASHEAN LOGGINS, | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Lisa M. Yemm, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending trial, and further requests that a detention hearing be held at the time defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq., and per current guidance from the Court.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

### Presumption of Detention

1. The defendant is charged with an offense under Title 18, United States Code, Section 924(c).

2. This offense with which the defendant is charged triggers a rebuttable presumption of detention pursuant to Title 18, United States Code, Section 3142(e)(3)(A) and (B). There are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

### The Nature and Circumstances of the Offense

3. Title 18, United States Code, Section 3142(g) requires this Court to consider the nature and characteristics of the offense charged. The defendant is charged with discharging a firearm in furtherance of a drug trafficking crime. Specifically, the defendant, acting together with others, caused a firearm to be discharged during a transaction for marijuana. The defendant set up the drug transaction, brought his own firearm with him to the drug transaction, and provided an additional firearm to his front seat passenger. During the drug transaction, the victim was shot multiple times and had approximately 33 bullet wounds. Cartridge casings from three different firearms were recovered from the scene. After the defendant and front seat passenger shot at the victim, the defendant pulled the victim out of the vehicle where the drug transaction had taken place and drove over the victim twice before fleeing. The victim was later pronounced dead at Barnes Jewish Hospital. The defendant then accompanied his family members to burn the vehicle and the evidence inside before fleeing to California. As a result, the first of the § 3142(g) factors weighs in favor of detention.

### The Weight of the Evidence Against the Defendant

4. Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The government submits that the evidence against the defendant is strong. As described in the affidavit in support of the criminal complaint, investigators have surveillance footage of the incident and of defendant leaving to burn the van (which was later recovered burned, along with possessions belonging to the victim. Investigators also recovered defendant's cellular phone at the scene of the shooting, and the contents of the victim's phone establish that defendant purchased marijuana from the victim for resale and set up multiple transactions on the day of the shooting. Defendant also made a post-*Miranda* recorded statement regarding the circumstances of the shooting. While Defendant told investigators he believed his gun "jammed" when he tried

2

to shoot the victim, that is refuted by ballistic evidence recovered at the scene. Defendant also admitted he supplied his front seat passenger with a gun which was then used to shoot the victim during the drug deal.

### The History and Characteristics of the Defendant

5. This Court should consider the defendant's past conduct, including his history relating to drug or alcohol abuse, and criminal history. *See* 18 U.S.C. § 3142(g)(2)(A).

6. While this defendant's age precludes serious criminal history, evidence in this case illustrates his past conduct includes dealing in pounds of marijuana from at least December of 2021, as evidenced by his phone conversations with the victim.

### The Nature and Seriousness of the Danger to the Community

7. The defendant possessed multiple firearms, which were then used during a drug deal to shoot the victim. The defendant then fled the scene, driving over the victim twice and dragging the victim a short distance across a parking lot in the wheel well of his vehicle, which was then burned by the defendant and his family members, before defendant fled the state. Defendant's crime is heinous and the safety of the community would be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

### Risk of Flight

8. There a serious risk that the defendant will flee because he is facing a significant prison sentence in this case, based on the severity of the charges – namely, up to life imprisonment. Defendant already fled both the scene of the crime and the state once, immediately following the commission of this crime. While defendant did voluntarily return after state law enforcement officers spoke to his father in California, his family members here in St. Louis assisted him in destroying evidence and fleeing to California, and the fact that he has strong ties there increases his risk of further flight now that he is facing federal charges that carry a potential life sentence.

## Conclusion

9.  The government submits that when considering all of the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is clear and convincing evidence that no condition or combination of conditions that will reasonably assure the safety of any other person and the community.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


*/s/ Lisa M. Yemm*
LISA M. YEMM, #64601MO
Assistant United States Attorney
